IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. HATCHER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-0030-CV-W-ODS |
| ) | Crim. No. 00-00004-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND (2) DECLINING TO GRANT CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. After considering the parties' arguments, the motion is denied.

I. BACKGROUND

Movant was convicted of conspiracy, two counts of interfering with interstate commerce by armed robbery, and two counts of using a firearm in connection with a crime of violence. The Court of Appeals affirmed but remanded for consideration of a discovery matter; specifically, the Court was directed to review certain tapes and determine whether their non-disclosure was harmless error. United States v. Hatcher, 323 F.3d 666 (8th Cir. 2003). On remand the Court found the non-disclosure was harmless, and this determination was affirmed on appeal. United States v. Hatcher, 142 Fed. Appx. 956 (8th Cir. 2005).[1]

Movant originally asserted three arguments: (1) his attorney was ineffective for failing to adequately investigate Cleo Lewis' testimony before calling him as a witness, (2) his attorney was ineffective in his handling of the discovery issue after the case was

---

[1] There were additional proceedings involving Movant's sentence. In light of the Government's concession that the Motion for Postconviction Relief is timely, there is no need to detail these proceedings.

remanded, and (3) he was charged with a single conspiracy but the evidence at trial established that multiple conspiracies existed. The Court will address these arguments in reverse order.

Movant contends that the evidence varied the charge from the one asserted in the Indictment. This claim could have been, and should have been, raised on direct appeal. "A motion under § 2255 is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted); see also United States v. Collier, 585 F.3d 1093, 1096-97 (8th Cir. 2009). Therefore, the claim is rejected.

The two remaining claims assert ineffective assistance of counsel and are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

2

With respect to the proceedings on remand, Movant's initial filing contended his attorney "failed to object to the procedure of the district court . . . . concerning tape recorded conversations, rendering due process and conf[ro]ntational clause[ ] violations." He then indicated he would provide further explanation and support in future filings. However, nothing Movant has filed since – including the Reply Suggestions – discusses the issue further. There being no explanation for this claim, it must be rejected.

Movant's final claim is the one to which he devotes the most attention. Movant identified Lewis as a witness who could provide a legitimate explanation for Movant's possession of cash. Specifically, Lewis purchased a car from Movant for slightly more than $7,000. During his conversation with Movant's attorney, Lewis indicated that he no longer had any paperwork but he remembered the transaction took place in 1997. Lewis testified during the trial, and his testimony was consistent with what he told counsel. On cross-examination, the Government presented documentary evidence establishing the transaction took place in 1995. Movant now contends counsel was ineffective for failing to adequately investigate Lewis' testimony, reasoning that an adequate investigation would have uncovered the same information discovered by the Government and caused counsel not to call Lewis to the stand. Movant further argues Lewis' testimony "gave the appearance that movant had brought [Lewis] into court to lie for him and that prejudiced movant beyond repair in the eyes of the jury." Reply Suggestions at 13.

The Court will bypass the performance prong and address the prejudice prong. This should not be interpreted as a finding with respect to the performance prong; the prejudice prong is easier to address in this case.[2] Having considered the Record (and

---

[2]On the one hand, one could argue counsel should have investigated Lewis' testimony further. On the other hand, Lewis told counsel (1) there was no paperwork and (2) the transaction occurred in 1997. In addition, Movant suggested Lewis could provide favorable testimony – thereby representing that Movant also thought the transaction occurred in 1997. Faced with these representations from his client and the witness identified by his client, one could argue counsel did not need to engage in further investigation. However, as stated, the Court will not attempt to resolve this

3

having presided at the trial), the Court holds the outcome would not have been different if Lewis had not testified. In particular, Movant seriously understates the evidence against him. Clarence Burnett testified about Movant's involvement in both robberies. E.g., Tr. at 1239-40, 1269-71, 1275-80, 1289-1301, 1620-23. Thomas Benton testified about Movant's involvement in both robberies. E.g., Tr. at 281-88, 291-301, 438-41, 473-75. Karl Carter testified about Movant's involvement in the second robbery. E.g., Tr. at 659-71, 776-77. Phone records connected Burnett (the organizer of the robberies) to Movant. Phone records also demonstrated Movant was in contact with other robbers during the robberies. The witnesses' testimony was subject to impeachment, and there are differences in certain details – but in the main their testimony was consistent. Lewis' testimony – which covered approximately eight of the more than 2,500 pages of testimony – was insignificant when compared to the mass of evidence against Movant. Finally, the Court could not locate any portion of the Government's closing argument where the jury was asked to construe Lewis' testimony as evidence that Movant attempted to procure a false alibi. For these reasons, the Court concludes there is no reasonable probability that Movant would have been acquitted if Lewis had not testified.

In order to appeal, Petitioner must first obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should be denied. When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b). The first issue should have been raised on direct appeal and cannot

---

issue.

4

be raised for the first time in a postconviction proceeding.  The second issue is not deserving of further proceedings because Movant has not identified an action taken (or not taken) that constitutes deficient performance, nor has he indicated how he was prejudiced.  Finally, given the evidence against him, reasonable jurists could not disagree that Movant was not prejudiced by counsel's decision to elicit testimony from Lewis.

     The Motion for Postconviction Relief is denied.  The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

DATE: August 30, 2010